IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ERIC IRVAN                                                                                                    PLAINTIFF

vs.                                          Civil No. 3:22-cv-03054

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                   DEFENDANT

## MEMORANDUM OPINION

Eric Irvan[1] ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed his disability application on May 15, 2018. (Tr. 59). In this application, Plaintiff alleges being disabled due to schizoid personality disorder, depression, and

---

[1] Plaintiff was also convicted in a criminal case in this district wherein he pled guilty to Count Five of the Indictment from November 20, 2019: Possession of an external hard drive containing images of child pornography. *See United States v. Irvan,* 3:19-cr-30004 (ECF Nos. 1, 56). Plaintiff was sentenced to thirty-six (36) months of imprisonment. ECF No. 56. He is currently incarcerated and has a pending Motion to Vacate under 28 U.S.C. § 2255. ECF No. 61.

[2] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

1

kidney stones. (Tr. 332). Plaintiff alleges an onset date of July 15, 2008. (Tr. 59). This application was denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 91-122). On June 8, 2021, the ALJ held an administrative hearing in Fort Smith, Arkansas. (Tr. 91-122). At this hearing, Plaintiff was present and was represented by Frederick Spencer. *Id.* Plaintiff and Vocational Expert ("VE") Zachariah Langley testified at the administrative hearing. *Id.*

On September 16, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 56-75). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 15, 2018 (application date). (Tr. 61, Finding 1). The ALJ determined Plaintiff had the following severe impairments: schizoid personality disorder, depression, and anxiety. (Tr. 61-62, Finding 2). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 62-64, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 64-67, Finding 4). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform work where interpersonal contact is incidental to the work performed and the tasks are simple, routine, and repetitive, e.g., assembly work, and where the complexity of tasks is learned and performed by rote, with few variables and little judgment, and where the supervision required is simple, direct, and concrete.

*Id.* The ALJ determined Plaintiff was thirty-three (33) years old, which is defined as a younger individual under 20 C.F.R. § 404.1563(c) (2008) and 416.963(c) (2008), on the date his application

was filed. (Tr. 68, Finding 6). The ALJ determined Plaintiff had at least a high school education. (Tr. 68, Finding 7).

The ALJ determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 68, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 68-69). The VE testified at an administrative hearing regarding his ability to perform other occupations. *Id.* Specifically, the VE testified Plaintiff retained the capacity to perform the following occupations: (1) dishwasher with 299,000 such jobs within the national economy and (2) floor waxer with 118,000 such jobs in the national economy. (Tr. 68). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from May 15, 2018 (application date) through the date of his decision (September 16, 2021). (Tr. 69, Finding 10).

Plaintiff requested the Appeals Council's review of this unfavorable decision. (Tr. 3-9). The Appeals Council denied this request on July 27, 2022. *Id.* Thereafter, on September 22, 2022, Plaintiff appealed his administrative case to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 27, 2022. ECF No. 6. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 19, 21.

**2.**      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); Ramirez *v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision,

the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts

to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. <u>**Discussion:**</u>

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 19. Specifically, Plaintiff raises two arguments for reversal: (A) the Appeals Council erred in failing to remand the case for consideration of material evidence; and (B) the ALJ's RFC determination is not supported by substantial evidence. *Id.* The SSA has responded to Plaintiff's claims and argues there is no basis for reversal. ECF No. 21. Upon review, the Court agrees with the SSA's arguments and finds there is no basis for reversal.

### A. Consideration of Additional Evidence

Plaintiff claims the Appeals Council erred by failing to remand his action for consideration of reports by Dr. Wallace and Dr. Whitney. ECF No. 19 at 10-11. Plaintiff claims this Court has a responsibility to consider whether the ALJ's decision, in light of this additional evidence, is still supported by substantial evidence in the record. *See, e.g., Kitts v. Apfel,* 204 F.3d 785-86 (8th Cir. 2000).

The Court has reviewed the additional evidence submitted to the Appeals Council in this matter. There are two reports: one is by Sam Wallace, Ph.D., LPC and one is by Tyler T. Whitney, Psy.D. (Tr. 10-47). Both of these reports were prepared as a part of the criminal case against Plaintiff for possession of child pornography. The Court has reviewed these reports, which primarily relate to his potential for recidivism, and the Court finds they would not change the outcome of the ALJ's disability determination. Indeed, even considering this additional evidence,

the Court still finds the ALJ's disability determination is supported by substantial evidence in the record.

### B. RFC Determination

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 19 at 12-17. Again, Plaintiff claims the ALJ did not fully understand and consider the additional medical evidence. *Id.* In his opinion, however, the ALJ fully assessed his RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform work where interpersonal contact is incidental to the work performed and the tasks are simple, routine, and repetitive, e.g., assembly work, and where the complexity of tasks is learned and performed by rote, with few variables and little judgment, and where the supervision required is simple, direct, and concrete.

(Tr. 64-67, Finding 4). In light of the transcript, the medical records, and the new evidence, the Court finds this determination is supported by substantial evidence, and the Court finds no basis for reversal on this issue.

### 4.  Conclusion:

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record. As such, this case is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of April 2023.**

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE